## Russler v. Covert

*Siegel & Siegel,* for plaintiffs.
*Harry B. Thatcher,* for defendant.

LEHMAN, P. J., July 12, 1971.—The issue before us is whether or not defendant should be ordered to

answer interrogatories propounded by plaintiffs as to whether or not at the time of the occurrence of the accident in question defendant was insured by any public liability insurance applicable to said accident and, if so, the limits of said liability coverage.

According to the complaint as filed in the within case, defendant, while operating his vehicle on a public highway, came into violent collision with a bicycle ridden by Carl D. Russler, then aged seven years eight and one-half months. The complaint further alleges that as a result of said accident, said minor sustained a severe compound fracture of the left femur with a subsequent infection and permanent shortening of the leg to the extent of two centimeters.

Plaintiffs have listed medical and hospital bills totaling $2,051.26.

No preliminary objections were filed to the complaint and no answer has been filed.

The aforesaid written interrogatories were filed pursuant to Pennsylvania Rule of Civil Procedure 4005 and to be answered in accordance with Pa. R. C. P. 4006. No objections to the written interrogatories were filed, and thereafter counsel for plaintiffs filed a petition for sanction pursuant to Pa. R. C. P. 4019. The court ordered defendant to file answer to said interrogatories within 10 days or show good and sufficient reason for failure or inability to file same or suffer punishment for contempt.

Defendant filed answer to said petition, together with a motion for protective order, pursuant to Pa. R. C. P. 4012(a), in which it is alleged that the information sought by the written interrogatories is: (a) privileged: (b) that disclosure of the information sought would constitute a breach of any standard insurance contract, if any exists; (c) that the existence and terms of an insurance contract constitute "reports,

memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation . . . " which is prohibited by Pa. R. C. P. 4011(d); (d) that the information sought is not relevant to the subject matter involved in the pending suit; and (e) that the information sought will not "substantially aid in the preparation of the pleadings or the preparation or trial of the case," as prescribed by Pa. R. C. P. 4007(a).

The question of whether or not a defendant must divulge the existence of an automobile liability policy and, if so, the limits of said policy, is before us for the first time.

We have carefully examined the various reported opinions concerning this matter which have been filed by several of the courts of common pleas of our Commonwealth as well as those filed in the Federal districts in Pennsylvania dealing with this issue. There is a decided split of authority on the matter in Pennsylvania as well as in other jurisdictions: 13 ALR 3rd 822, et seq. See Goodrich-Amram §4007(a)-19, pages 521-2 in 1971 Supplement, for a compilation of many of the Pennsylvania cases.

We are satisfied that the question of whether or not a defendant in a negligence case has insurance and, if so, the limits of said coverage, is not a privileged matter, because in post trial proceedings such policy could be the subject of discovery. See Pa. R. C. P. 3117. No evidence has been presented that disclosure of the information sought would constitute a breach of any standard insurance contract. Likewise, we are convinced that an insurance policy is not a report, memorandum, statement or information made or secured by a party in anticipation of litigation as contemplated by Pa. R. C. P. 4011(d).

However, when it comes to a consideration of

whether or not insurance coverage is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case, we conclude that the answer must be in the negative.

The sole issue that will be determined by a jury in this case is whether or not defendant is liable for the injuries allegedly sustained and, if so, the amount of that liability. The jury is not permitted to hear testimony as to insurance and its limits. Most of the Pennsylvania common pleas decisions permitting discovery of this matter base their determination on matters of expedience, believing that crowded court dockets will be aided by such disclosure. But Pa. R. C. P. 4007(a) was not promulgated for lower courts to legislate or formulate administrative policy. This is the function of the legislature or that of the Pennsylvania Supreme Court.

It must be borne in mind that discovery allowed by our rules "is not as broad as that permitted by the Federal rules, and the present rules, although liberally construed, are subject to certain limitations not found in the federal practice": 5 Anderson Pa. Civ. Pract. §4001.5-4001.6.

Pa. R. C. P. 4007(a) allows discovery which is logically useful (relevant) upon any triable issue of the case. It is only triable issues which are properly pleaded and tried; it is only triable issues which are really involved in preparation for such a trial and insurance coverage has no relevancy to triable issues: Rayman v. Sanner, 26 Somerset L. J. 157.

## ORDER

And now, July 12, 1971, defendant's motion for a protective order be and is hereby granted. Exception is noted to Siegel & Siegel, Esqs., counsel for plaintiffs.